IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

GARRY L. SOLOMON,     )
             )
       Plaintiff,  )
             )
vs.           )  Case Number CIV-09-200-C
             )
HSBC MORTGAGE CORPORATION, )
(USA), d/b/a HSBC BANK, as Trustee; )
BAER & TIMBERLAKE, P.C.; and  )
AMERICA'S SERVICING COMPANY )
a/k/a ACS RECOVERY SYSTEMS,  )
             )
       Defendants. )

## MEMORANDUM OPINION

In November of 2007 Plaintiff became delinquent on his mortgage. Defendant HSBC filed a foreclosure action and retained Defendant Baer & Timberlake to prosecute the action. During the process the parties communicated in an attempt to resolve differences about the amounts outstanding on the mortgage. Those efforts were unsuccessful, and ultimately Plaintiff sold his home in an effort to resolve the foreclosure. However, some charges remained outstanding and are in dispute in this action. Plaintiff then filed this lawsuit alleging Defendants' actions 1) were negligent; 2) caused negligent and intentional infliction of emotional distress; 3) were unfair and deceptive trade practices; 4) were based on fraud, deceit, and misrepresentation; 5) breached the implied covenant of good faith and fair dealing; 6) unjustly enriched Defendants; 7) breached the contract between Plaintiff and

Defendants; and 8) violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

Defendants HSBC and ACS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging Plaintiff has failed to state a claim for relief.  In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Erickson v. Pardus, 551 U.S. 89, 94-95 (2007), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007)). At the outset the Court will address Defendants' challenge to Plaintiff's FDCPA claim, as the disposition of that claim will control the case's destiny in this Court.

Defendants offer two challenges to Plaintiff's FDCPA claim.  First, Defendants argue that they are not "debt collectors" as defined by the FDCPA.  Under the FDCPA a "debt collector" is one who attempts to collect debts of another.   15 U.S.C. § 1692(a)(6). According to Defendants, they do not meet this definition as they merely serviced the loan and therefore are treated as creditors.  As the Fifth Circuit has stated: "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  Plaintiff's Complaint is inconsistent on this issue.  In paragraph 2, the Complaint alleges that HSBC was acting as trustee for Citigroup Mortgage Loan Trust, Inc., the entity Plaintiff admits was his mortgage company.  Then in paragraph 74, Plaintiff

2

makes the conclusory allegation that "Defendants meet the requirement of a debt collector under the FDCPA." (Dkt. No. 1, p. 14.) As the Supreme Court made clear in <u>Bell Atlantic</u>, conclusory statements which merely restate the elements of a cause of action are insufficient. <u>Bell Atlantic Corp.</u>, 550 U.S. at 555:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*, <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The Court finds Plaintiff's Complaint fails to allege facts establishing Defendants' status as debt collectors under the FDCPA, and the Complaint must be dismissed. However, because Plaintiff may be able to remedy the defect through amendment, the dismissal will be without prejudice.

Defendants' second argument is that Plaintiff failed to seek verification of the debt within the 30-day window set out in the FDCPA. Again the allegations in the Complaint support this argument. According to paragraphs 11-14 of the Complaint, Plaintiff was aware in early February 2008 of the debt and the charges which led to the owed amount. However, paragraph 18 alleges it was not until March 27, 2008, that Plaintiff requested validation of the debt. As Defendants note, 15 U.S.C. § 1692g(b) requires that Plaintiff request validation of the debt within 30 days of the creditor's notice. It is unclear, however, whether the information Plaintiff received in early February was sufficient to qualify as the notice

required by § 1692g(a).  Thus, the dismissal will again be without prejudice so that Plaintiff may attempt to cure the defect.

The Court declines to consider the remainder of Defendants' motion at this time.  The FDCPA claim serves as the sole basis for subject matter jurisdiction in this Court.  As Defendants note, the Court's jurisdiction over the remaining state law claims is premised on supplemental jurisdiction under 28 U.S.C. § 1367, which states that the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Because this matter is in its infancy, and considering that absent a FDCPA claim all other claims are state law claims, the Court will decline to exercise supplemental jurisdiction if Plaintiff fails to plead a valid FDCPA claim.  In the event Plaintiff files an Amended Complaint, Defendants may file a new Motion to Dismiss.

As set forth more fully herein, the Joint Motion of Defendants HSBC Mortgage Corporation and America's Servicing Company to Dismiss Complaint (Dkt. No. 14) is GRANTED.  If Plaintiff wishes to proceed further in this Court he must file an Amended Complaint within 20 days of the date of this Order or the case will be closed.

IT IS SO ORDERED this 18th day of August, 2009.

ROBIN J. CAUTHRON
United States District Judge