IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARRY L. SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-09-200-C |
| | ) |
| HSBC MORTGAGE CORPORATION | ) |
| (USA), d/b/a HSBC BANK USA, AS | ) |
| TRUSTEE; BAER & TIMBERLAKE, | ) |
| P.C.; and AMERICA'S SERVICING | ) |
| COMPANY, a/k/a ASC RECOVERY | ) |
| SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brought the present action asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and various state law-based claims. Before addressing the merits of the present motions, some procedural history of the case is necessary.

In prior proceedings in this matter, the Court determined that Plaintiff had filed his action outside the statute of limitations and on that basis dismissed the sole federal claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. On appeal, the Tenth Circuit reversed, finding Plaintiff had alleged at least some wrongdoing within the limitations period. The Circuit remanded the matter for further proceedings. However, there was no appeal or reinstatement of Plaintiff's state law-based claims. Accordingly, that portion of Defendant HSBC's brief which raises arguments related to the state law-based claims serves no purpose, as the only issue presently before the Court is whether or not

Defendant HSBC's and/or ASC's actions violated the FDCPA. With this backdrop, the Court turns to the pending Motions.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Plaintiff brought this action against three Defendants:  HSBC Mortgage Corporation (USA), d/b/a HSBC Bank USA ("HSBC"); America's Servicing Company, a/k/a ASC Recovery Systems ("ASC") and Baer & Timberlake, P.C. ("B&T").  When Plaintiff became delinquent on his mortgage payment, Defendant B&T was hired to collect the debt, including, if necessary, pursuing a foreclosure action.  According to Plaintiff, all Defendants engaged in activities which violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").  However, as to Defendants HSBC and ASC, it must first be determined if they are creditors or debt collectors.

Defendants HSBC and ASC argue they are "creditors" as defined by the FDCPA, as each only sought to recover a debt that it owned, rather than to collect a debt for another entity.  In response, Plaintiff argues that neither entity has established that it was a proper owner of the note and therefore neither can qualify as a creditor under the FDCPA and therefore each must be a debt collector.  In their reply brief, Defendants HSBC and ASC argue only that Plaintiff has admitted that he paid his debt to HSBC and therefore he has acknowledged that it is the owner of the note and therefore a creditor rather than a debt collector.  Of course, this argument, without any supporting legal authority, is completely unhelpful to the Court and offers no basis on which to support Defendants' Motion for Summary Judgment.  Therefore, the Court is left to wade through the issues without

assistance from Defendants HSBC and ASC to determine as a matter of law whether or not their actions fall within the scope of the FDCPA.

The Court has reviewed the case law proffered by Plaintiff in his response to Defendants' Motion for Summary Judgment and finds that, measuring that law against the facts that are either undisputed or viewed in the light most favorable to Plaintiff, questions of fact exist as to Defendants HSBC's and ASC's status as debt collectors rather than creditors. Accordingly, for purposes of resolving Defendants' Motion for Summary Judgment, the Court will treat Defendants HSBC and ASC as debt collectors and their actions therefore are governed by the scope of the FDCPA.[1]

Assuming, for purposes of the summary judgment notion, that all three Defendants are subject to the FDCPA, the Court turns to the claims presented in this case. On appeal, the Tenth Circuit identified three potential FDCPA claims in Plaintiff's Complaint, and the parties appear to be in agreement that those are the issues for resolution. First, "(1) falsely representing the amount of the debt or compensation for collection of a debt, *see* 15 U.S.C. § 1692e(2)(A); (2) generally engaging in false, deceptive, or misleading practices, *see id.*, § 1692f; and (3) failing to provide debt validation or to cease collection efforts within thirty days after [plaintiff] disputed the debt, *see* § 1692g." (Dkt. No. 39, p. 9.) The appellate court

---

[1] The Court makes clear that this determination is not a final determination on the issue and that this matter will be revisited based upon the evidence presented at trial and the question will be resolved finally either as a matter of law by the Court or as a factual determination by the jury. However, the Court admonishes Defendants that if they intend to establish their status as creditors, as opposed to debt collectors, it is incumbent upon them to furnish a substantially better formulated legal argument on the issue.

then remanded the matter for further consideration of the validity of these three claims. As noted above, each Defendant now seeks summary judgment, arguing that the undisputed material facts entitle it to judgment on each of these three allegations.

**1.      Section 1692g Claims**

The most efficient process requires the three potential claims to be considered in reverse order. Relevant to the third claim the following facts are undisputed. On February 13, 2008, Defendant B&T sent Plaintiff a letter identifying that it was attempting to collect a debt.[2] Plaintiff sent a fax on February 26, 2008, and made a telephone call the next day. Plaintiff argues that both communications were disputes of the debt. Defendant B&T argues that the fax sent by Plaintiff on February 26 cannot be construed as a request for debt validation. The text of the fax reads as follows:

> To: Baer, Timberlake, Coulson & Cates, P.C.
>     I need to get the reinstatement fee for my Mortgage Loan No. XXX-XXXXXXX614. Please call with he [sic] amounts to the cell number. The cell is not my cells [sic] so please do not give it to the Wells Fargo Home Mortgage or it [sic] partners. I will be out off [sic] town at that time. I will be able to get the information at that number.

(Dkt. No. 75, Ex. 5.) The Court agrees that no reasonable juror could interpret the language of this facsimile as seeking validation of the debt. To the contrary, the plain language of the fax supports the premise that a debt existed and that Plaintiff was seeking the amount owed

---

[2] Although Plaintiff disputes when he received the letter, that fact is not material to the present issue.

5

in order to resolve the debt. Accordingly the undisputed material facts demonstrate that Plaintiff did not dispute the debt in writing.

Plaintiff also argues that he called B&T on February 26, 2008. According to Plaintiff, he specifically requested debt verification in that telephone call. Even accepting the facts as true, as the Court must at this stage, Plaintiff's act of calling Defendant B&T was not sufficient to trigger the protections provided in § 1692g(b). That portion of the statute specifically requires that any dispute of a debt be made in writing. See 15 U.S.C. § 1692g(b)("If the consumer notifies the debt collector **in writing** within the thirty-day period described in subsection (a) . . . .") (emphasis added). Because Plaintiff failed to dispute the debt in writing within the 30-day time period, Defendant was not required to cease collection efforts.

As part of this potential claim, Plaintiff argues that by filing the foreclosure action prior to the expiration of the 30-day window, B&T overshadowed its initial communication letter which specifically permitted Plaintiff 30 days to dispute the debt. However, Plaintiff fails to provide any legal authority indicating that merely filing a foreclosure petition is sufficient to overshadow the notification provisions. In contrast, the Tenth Circuit has recognized that where a debt verification notification was included in the same envelope as a foreclosure petition, the petition did not overshadow the right of debt verification. The Circuit recognized that even the least sophisticated consumer could distinguish between the requirements of the two documents. Ferree v. Marianos, ___ F. App'x ___, Case No. 97-6061, 1997 WL 687693, *2 (10th Cir. Nov. 3, 1997). Under the facts of this case, the

Court finds that overshadowing cannot exist. Plaintiff was clearly aware of his entitlement to and the requirements for properly conveying a dispute of the debt well before the foreclosure action was filed. Accordingly, the Court finds that the filing of the foreclosure petition did not overshadow the notification provisions or violate Plaintiff's rights under the FDCPA. All Defendants are entitled to judgment on Plaintiff's third claim for relief.

**2.    Section 1692f Claims**

The second possible claim identified by the Circuit was that Defendants engaged in false, deceptive, or misleading practices in violation of the FDCPA. In support of his claim against B&T on this issue, Plaintiff argues that B&T misrepresented the amount of debt. According to Plaintiff, the total amount B&T identified as due was inconsistent with other information and that the amount due fluctuated with each communication. Plaintiff also complains that B&T's fees increased with each communication. In seeking judgment, Defendant B&T argues that the second claim fails as a matter of law because it relied upon information from its client regarding the amount of the debt.

The Ninth Circuit has held that a debt collector is entitled to reasonably rely on its client's information and if it does so reasonably it cannot be held liable for any errors. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1174-77 (9th Cir. 2006); see also Ferree, ___ U.S. F. App'x ___, Case No. 97-6061, 1997 WL 687693. Plaintiff offers no facts or legal authority to dispute that B&T is permitted as a matter of law to rely on its client for the amount of the debt. Likewise, Plaintiff fails to offer any permissible evidence demonstrating that the figures relied on by B&T were inaccurate.

To the extent Plaintiff complains about the fees/amounts due fluctuating, the Court finds that claim is also without merit. Defendant B&T goes through an analysis of the fees challenged by Plaintiff, offering an explanation for each. Plaintiff does not counter this showing with anything other than the conclusory allegations of his counsel. The law is clear that the argument of counsel is insufficient to withstand a properly supported summary judgment motion. Celotex, 477 U.S. at 324; Pinkerton v. Colo. Dep't of Transp., 563 F.3d 1052, 1061 (10th Cir. 2009) ("argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment"). Thus, the Court finds that Plaintiff has failed to dispute Defendant B&T's material facts. Because those undisputed facts demonstrate B&T is entitled to relief, summary judgment will be granted in its favor.

As for Defendants HSBC's and ASC's potential for liability under § 1692f, Defendants focus on whether or not Plaintiff was entitled to a detailed accounting of the debt at issue; however, Plaintiff's claim cannot be that narrowly drawn. Rather, Plaintiff's claim focuses on the language of § 1692f(6), noting that the FDCPA prohibits taking property when there is no present right to possession of the property. As noted above, questions of fact and law remain regarding the status of Defendants HSBC and ASC as proper holders of the note.[3] Accordingly, those questions prevent judgment on the § 1692f claim.

---

[3] As noted above, to the extent Defendants HSBC and ASC seek to challenge these issues as a matter of law, any challenge must provide a more reasoned analysis than previously provided. Simply because counsel for HSBC and ASC says something does not make it so. Further, the Court notes that the Oklahoma Supreme Court recently decided J.P. Morgan Chase Bank Nat'l Ass'n v. Eldridge, 2012 OK 24, --- P.3d --- which may provide additional guidance on at least some of the relevant issues.

As set forth above, Defendant B&T is entitled to judgment on Plaintiff's claims for violation of § 1692f, while Defendants HSBC and ASC's motion must be denied.

**3.    Section 1692e Claims**

As the Circuit framed the issue, Plaintiff's § 1692e claim alleges Defendants falsely represented the amount of the debt or compensation for collection of a debt. Plaintiff argues that §1692e prohibits a debt collector from falsely representing the character, amount, or legal status of any debt and also from using false, deceptive, or misleading representations or means in connection with the collection of any debt. Plaintiff argues that Defendant B&T violated this statute because the foreclosure petition publicly mischaracterized the legal status of the debt. According to Plaintiff, by omitting from the foreclosure petition that at least a portion of the debt was disputed, Defendant B&T mischaracterized the debt. As for Defendants HSBC and ASC, Plaintiff renews his arguments that HSBC was not the current holder of the note and mortgage as required by Oklahoma law and therefore the representations in ¶ 4 of the petition in foreclosure were false representations which also violated § 1692e.

Defendant B&T again relies on the defense of good faith, arguing that because it relied on its client for the nature, amount, and validity of the debt, it cannot be liable to Plaintiff. As with the § 1692f claim, Plaintiff fails to offer any legal or factual basis which would preclude Defendant B&T's reliance on the good faith defense. Accordingly, judgment will be entered in favor of B&T.

As for Defendants HSBC and ASC, once again these Defendants fail to provide any meaningful or helpful response to Plaintiff's claims. Accordingly, the Court finds questions of fact exists regarding whether HSBC and/or ASC violated § 1692e.

## CONCLUSION

For the reasons set forth herein, Defendant Baer & Timberlake P.C.'s Motion for Summary Judgment (Dkt. No. 75) is GRANTED. Defendant HSBC Mortgage Corporation, (USA), d/b/a HSBC Bank USA, as Trustee and Defendant America's Servicing Company's Corrected Amended Joint Motion for Summary Judgment (Dkt. No. 84) is GRANTED in part and DENIED in part. Defendants HSBC and ASC are entitled to judgment on Plaintiff's claims brought pursuant to 15 U.S.C. § 1692g. In all other respect the motion is DENIED. A separate judgment will issue at the close of this case.

IT IS SO ORDERED this 29th day of March, 2012.

ROBIN J. CAUTHRON
United States District Judge