## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GARRY L. SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-2009-200-C |
| | ) |
| (1) HSBC MORTGAGE CORPORATION (USA), | ) |
|      d/b/a HSBC BANK USA, AS TRUSTEE, | ) |
| (2) BAER & TIMBERLAKE, P.C. | ) |
| (3) AMERICA'S SERVICING COMPANY | ) |
|      a/k/a ASC RECOVERY SYSTEMS, | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) **Attorney Lien Claimed** |

**Plaintiff's Objection to Defendant's Bill of Costs**

Plaintiff, Garry L. Solomon, and for his Objection to the *"Bill of Costs"* filed by Defendant, BAER & TIMBERLAKE, P.C. ("Baer") [Dkt # 121]. In support, Plaintiff shows the grounds for Objection as follows:

This case involved the foreclosure of Plaintiff's home. The case has had two dismissals. The first dismissal and judgment was entered November 16, 2009 [Dkt #32]. Baer filed no *Bill of Costs* within 14 days after the entry of the judgment.

Solomon appealed the dismissal to the Tenth Circuit. Later, the Tenth Circuit reversed the dismissal and the case was reinstated. On April 20, 2012, [Dkt #118] the Court entered the second dismissal and the current judgment was entered.

Baer filed his *Bill of Costs* on May 4, 2012.

Within the *Bill of Costs,* Defendant Baer made a claim for *"fees and disbursements for printing"* in the amount of $1336.35. The $1336.35 is comprised

of two invoices:

(1)   $1142.99 [dated 6/24/2009]; and

(2)   $191.11 [dated 10/24/11].

Plaintiff objects to the $191.11 as to the costs for electronic bates stamping, Black and White images and CD creation because no authority was provided by Defendant. The fees disputed are discussed below.

Plaintiff also objects to the $1142.99 invoice dated 6/24/2009 on several grounds. The invoices is for documents allegedly generated on 6/24/2009. However, Baer is out of time to submit his *Bill of Costs* for $1142.99 after the dismissal and judgment on November 16, 2009 [Dkt #32]. Baer filed no *Bill of Costs* within 14 days after the entry of the judgment. More important, the case was based on a Motion to Dismiss when no litigation documents or discovery was generated before this first dismissal. Therefore, Plaintiff objects to these $1142.99 costs as untimely filed.

In the event the Court finds that Baer is entitled to recover these belated costs, Plaintiff further objects to the voluminous amount of alleged scanning for documents that were never used in litigation. The $1142.99 invoice dated 6/24/2009 shows that 2,123 documents were scanned, 4,246 black and white prints were imaged, 2,123 documents were bate stamped and 1 CD was created for $25.00. However, the entire foreclosure file including the note and mortgage did not exceed the 531 pages.

In addition, never in this case did Plaintiff receive any CD with 2,123 bate

stamped documents or 4,246 prints at anytime in discovery or depositions. The only CD produced to Plaintiff in discovery shows 531 documents which these 531 copies must have been included in the 2,123 bate stamped claimed in this disputed $1,142.99 invoice. Therefore, Plaintiff objects to this unknown, duplicated, and extraordinary charge in the amount of $1,142.99 for documents not used in this litigation.

Under FRCP 54(d), Defendant Baer is allowed costs as the prevailing party. However, these exact costs allowed are not set forth in the statute. As for the costs of copying papers, Defendants offer no authority for their copy costs except the general statute 28 U.S.C. §1920.  However, 28 U.S.C. §1920, does not set forth charges for scanning of documents, bate stamping or CD creation. Rather, no amount is stated because these charges could vary according to the jurisdiction.

Here, the only appropriate guidance is the Rules for the District Courts of Oklahoma. 12 O.S.§942(4), provides that the costs of copying papers is limited to ten cents ($0.10) per page.  Here, under 12 O.S.§942(4), the costs of scanning or copying 531 documents is $53.10 instead of $66.38 in the $191.11 invoice. The remaining charges – black and white images and bates stamping- do not relate to "printing" the documents for Plaintiff.

This same analysis applies to the $1,142.99 invoice that Plaintiff disputes in its entirety as out of time and excessive. Nevertheless, under 12 O.S.§942(4), the costs of scanning or copying 2123 documents is $212.30 instead of $392.76 in the

$1142.99 invoice. The remaining charges – black and white images and bates stamping- do not relate to "printing" the documents for Plaintiff. Therefore, Plaintiff asks this Court to reduce the *Bill of Costs* accordingly.

In the alternative, Plaintiff asks this Court to hold the final determination of costs in abeyance until this matter is resolved in the appeals court.

                Respectfully submitted,
                ***BENJAMIN MCCULLAR P.C.***

                */s/ Benjamin McCullar*
                BENJAMIN MCCULLAR, OBA #14553
                KELLI MCCULLAR, OBA #20091
                228 N. Broadway
                Shawnee, OK 74801
                405.214.2889 Firm
                405.275.0776 facsimile
                *e-mail: mccullarlaw@sbcglobal.net*
                **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May, 2012, a true and correct copy of the above and foregoing **Plaintiff's Objection to Plaintiffs' Bill of Costs** was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants:

    David A. Cheek, OBA #1638
    ***Cheek & Falcone, PLLC***
    6301 Waterford Blvd., Ste. 320
    Oklahoma City, OK 73118-1168
    Email: dcheek@cheekfalcone.com
    **Attorney for Defendant Baer & Timberlake, P.C.**

                */s/ Benjamin McCullar*
                Benjamin McCullar